Bassett and another vs. Hughes.

BASSETT and another vs. HUGHES.

CONTRACTS: RIGHT OF ACTION: EVIDENCE. *(1, 2) Right of person for whose benefit a contract is made, to sue thereon. (3) Proof of payment. (4) Consideration, a conveyance; grantee's possession immaterial.*

1. It is the settled law of this state, that when one person, for a valuable consideration, engages with another (whether by simple contract or by covenant under seal) to do some act for the benefit of a third person, the latter may maintain an action against the promisor for breach of the engagement.

2. After knowledge of and assent to such engagement by the person for whose benefit it is made, his right of action on it cannot be affected by a rescission of the agreement by the immediate parties thereto.

3. Certain negotiations between the parties (for which see the opinion) *held* no evidence of *payment* of the indebtedness to plaintiffs here in suit.

4. The consideration of defendant's promise here sued on being a conveyance of land actually made to him by plaintiffs' original debtor, it is immaterial whether he ever *went into possession of the land, or not.*

| 43 | 319 |
| --- | --- |
| 77 | 75 |
| 43 | 319 |
| 87 | 575 |
| 43 | 319 |
| 96 | 152 |
| 43 | 319 |
| 98 | 331 |
| 43 | 319 |
| 100 | 23 |
| 101 | 57 |
| 43 | 319 |
| 111 | [1]205 |
| 43 | 319 |
| f112 | [1]137 |
| 43 | 319; |
| 116 | [2]524; |
| 61 LRA | 511 |
| 61 LRA | 512 |

APPEAL from the Circuit Court for *Dodge* County.

Action for the balance of an indebtedness due originally from Hugh W. Hughes (defendant's father) to the plaintiffs.

In April, 1870, Hugh W. Hughes conveyed to the defendant certain real estate and all of his personal property, in consideration whereof defendant covenanted, among other things, to pay all debts of the former. This covenant is contained in a bond executed by defendant to said Hugh W. Hughes. When the bond was executed, the covenantee owed plaintiffs the demand in suit, for which they held his note. The defendant knew of the existence of this note when he covenanted to pay his father's debts, and afterwards made a payment of $300 upon it, leaving unpaid the balance claimed in this action. These facts appear from the pleadings and proofs, and the findings of fact by the court.

On the trial, defendant offered testimony in various forms for the purpose of showing that his covenant to pay his father's debts was rescinded in 1873, by an agreement to that

effect between him and his father; but the court refused to admit the testimony.

The cause was tried by the court without a jury, and resulted in a judgment for the plaintiffs for the unpaid balance due them on the note of Hugh W. Hughes. Defendant appealed from the judgment.

The cause was submitted on the brief of *James J. Dick* for the appellant, and that of *Hazelton & Dering* for the respondents.

For the appellant it was argued, 1. That no consideration for his alleged implied promise to plaintiffs was shown, since it did not appear that he ever took possession of the property mentioned in the contract. 2. That plaintiffs had waived their right under the contract sued upon, by accepting other security for their debt. 3. That defendant and Hugh W. Hughes had a right to rescind the contract. *Kelly v. Roberts*, 40 N. Y., 432; *Kelly v. Babcock*, 49 id., 318. 4. That the indebtedness to plaintiffs had been paid.

Respondents' counsel cited the following cases in support of their right to maintain the action: 1 Am. R., 521; *D. & H. Canal Co. v. Bank*, 4 Denio, 97; *Schermerhorn v. Vanderheyden*, 1 Johns., 140; *Gold v. Phillips*, 10 id., 412; *Cumberland v. Codrington*, 3 Johns. Ch., 229; *Lawrence v. Fox*, 20 N. Y., 268; *Burr v. Beers*, 24 id., 178; *Ricard v. Sanderson*, 41 id., 179; *Barlow v. Myers*, 64 id., 41; *Claflin v. Ostrom*, 54 id., 581; *Bohanan v. Pope*, 42 Me., 93; *Arnold v. Lyman*, 17 Mass., 403; *Brewer v. Dyer*, 7 Cush., 337; *Barringer v. Warden*, 12 Cal., 311; *Crocker v. Higgins*, 7 Conn., 347; *Bristow v. Lane*, 21 Ill., 196; *Beers v. Robinson*, 9 Pa. St., 229; *Brown v. O'Brien*, 1 Rich. Law, 268; *Keeler v. Ins. Co.*, 16 Wis., 523; *Kimball v. Noyes*, 17 id., 695; *Bishop v. Douglass*, 25 id., 696; *McClellan v. Sanford*, 26 id., 597.

LYON, J. 1. It is settled in this state, that when one person, for a valuable consideration, engages with another to do

some act for the benefit of a third person, the latter may maintain an action against the former for a breach of such engagement. This rule applies as well to covenants under seal, as to simple contracts. *McDowell v. Laev*, 35 Wis., 171, and cases cited. In the present case, the defendant, for a valuable consideration, engaged with his father to pay the debt which the latter owed the plaintiffs, and, within the above rule, the plaintiffs may maintain this action to recover the unpaid balance of such debt.

2. It is quite immaterial, if the defendant's covenant to pay his father's debts was afterwards rescinded by mutual agreement between the parties to it. Before that was done, the plaintiffs had been informed of the covenant, and made no objection thereto; indeed, the fair inference from the testimony is, that the plaintiffs fully assented thereto. Whether it was or was not competent for the parties to the covenant to rescind it before such notice to and assent by the plaintiffs, we need not here determine. Certainly, after such notice and assent, the covenant could not be rescinded to the prejudice of the plaintiffs, without their consent.

To support the position that it was competent for the defendant and his father to rescind the contract, and thus defeat the plaintiffs' right of action against the defendant, the learned counsel for the defendant cites two New York cases: *Kelly v. Roberts*, 40 N. Y., 432, and *Kelly v. Babcock*, 49 id., 318. These cases do not sustain the position. In the first, it was held that an agreement, *upon no new consideration*, between debtor and creditor, that the debtor shall pay the amount of his debt to a third person, to whom the creditor is indebted, is not, in the absence of any notice or acceptance of or assent to the arrangement by such third person, irrevocable by the creditor. In the latter case, it was held that "an agreement in a bill of sale or instrument of transfer of personal property, that a portion of the purchase money of the goods sold may be paid to and among the creditors of the vendor, without a

consent or agreement on the part of the vendee thus to pay, creates no trust; the balance unpaid is a debt due the vendor, and can be reached by and held under an attachment against his property." In this case, the defendant covenanted to pay his father's debts; there was a new and valid consideration for such covenant; and the plaintiffs were notified that it had been made, and gave their assent thereto. Thus we find here all the conditions essential to the plaintiffs' right of action, which were wanting in those cases. We conclude that the testimony offered to show a rescission of the covenant was properly rejected.

3. It is claimed, on behalf of the defendant, that his father's debt to the plaintiffs was fully paid before this action was brought. We do not so understand the evidence. The only basis for the claim is, that there was a negotiation between these parties looking to a loan by the plaintiffs to the defendant to pay a debt which Hughes, senior, owed one Jones, and the wife of Hughes, senior, signed a note to the plaintiffs for the amount of that debt and the unpaid balance due the plaintiffs on their original demand against her husband. She also signed a mortgage on certain real estate, intended to secure the payment of such note. The note and mortgage were not delivered to the plaintiffs, but were deposited with a third person, to await an examination of the title to such real estate. The title was examined and found defective, the plaintiffs declined to accept the securities, and the same were surrendered to Mrs. Hughes, with the consent of the plaintiffs. Of course, these transactions do not affect the plaintiffs' right of action. The note and mortgage signed by Mrs. Hughes are immaterial to the case, and the court properly refused to receive them as evidence.

4. The court found as a fact that the defendant went into possession of the property conveyed to him by his father, and has since held and enjoyed the same. It is claimed for the defendant that there is no evidence to support the finding.

We think otherwise, but do not care to dwell upon the point; for we regard it quite immaterial whether the defendant took possession of the property or not. It is sufficient that the property belonged to him, and he had the right to reduce it to possession. If he failed to do so, his laches cannot prejudice the plaintiffs.

The foregoing are all of the points discussed in the arguments of counsel, which it is necessary to notice. It follows that the judgment of the county court must be affirmed.

*By the Court.* — Judgment affirmed.