# LUDLOFF and Others *v.* UNITED STATES.

IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE
DISTRICT OF MARYLAND.

Decided April 2d, 1883.

*Internal Revenue.*

A manufacturer of cigars, in his statement furnished in May, 1878, under § 3387 of the Revised Statutes, according to Form 36½, set forth "the room adjoining the store in the rear, on the first floor" of certain premises, as the place where his manufacture was to be carried on.    Circular No. 181, issued in March, 1878, by the commissioner of internal revenue, required that a cigar factory should be at least an entire room, "separated by walls and partitions from all other parts of the building," and that the factory designated in Form 36½ should not any part of it be used, "even though marked off or separated from the remainder by a railing, counter, bench, screen or curtain, as a store where the manufacturer can sell his cigars otherwise than in legal boxes, properly branded, labelled, and stamped." This circular went into effect May 1st, 1878.    The manufacturer was engaged at the same time and place in doing business as a dealer in tobacco, having paid the special tax as such, and also the special tax as a manufacturer of cigars.    He did not comply with the said circular, and had no division between the factory in the rear part of the room and the front part of the room, where he sold articles as a dealer in tobacco, except a wooden counter extending part of the way across the room, and some three feet high.    He sold out of a show case in the front part, in quantities

less than 25, from stamped boxes, which were duly branded, marked and stamped, cigars which he had made in the rear part, on which cigars the tax had been paid. For doing so, as a violation of § 3400, in removing cigars made by him without the proper stamps denoting the tax thereon, a quantity of cigars, the property of the manufacturer, found in the rear part of the room, in boxes not stamped, were seized as forfeited to the United States, under § 3400 : *Held,*

1. The requirements of the circular were within the power of the commissioner to prescribe, under § 3396 ;

2. The sales at retail were in violation of law ;

3. The forfeiture claimed was incurred.

The provisions of § 3236, and subdivisions 8 and 10 of § 3244, and §§ 3387, 3388, 3390 and 3392, considered and held not to authorize such sales, they constituting, under §§ 3392, 3397 and 3400, removals of cigars from the place where they were manufactured, without the proper stamp denoting the tax thereon, because the sales were sales of cigars by their manufacturer, at retail, at the place of manufacture, not in stamped boxes, the cigars being in his hands as a manufacturer and not as a retail dealer.

Information against a quantity of cigars of domestic manufacture for violation of the internal revenue laws, and the regulations of the treasury founded thereon. All the material facts appear in the opinion of the court.

*Mr. John V. L. Findlay* for plaintiffs in error.

*Mr. Solicitor General Phillips* for the United States.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an information filed by the United States in the District Court for the District of Maryland, against a quantity of domestic cigars, to obtain their condemnation, as forfeited to the United States. The information alleges, as a cause of forfeiture, that the cigars were found in the possession of two persons by the name of Ludloff, doing business as Ludloff Brothers, who had manufactured them, and who had unlawfully removed certain cigars, by them manufactured at their manufactory in the city of Baltimore, without the proper stamps denoting the tax thereon, contrary to section 3400 of the Revised Statutes. Ludloff Brothers put in a claim and plea, denying forfeiture, and the issue was tried before a jury, who found a verdict for the United States. Thereupon a judgment of condemnation of the cigars seized was rendered, which

was affirmed by the circuit court, and is now brought here for review by a writ of error taken by the claimants.

The material facts of the case, as they appear by the bill of exceptions, are these: Prior to the seizure of the cigars, and before May 1st, 1878, the claimants carried on the manufacture of cigars in the rear part of a small room on the first floor of the building known as No. 60 West Fayette street, in the city of Baltimore, and at the same time and place were also engaged in doing the business of dealers in tobacco, that is to say, selling imported and domestic cigars, partly manufactured by themselves, and partly purchased from others, and also selling pipes, smoking material, chewing tobacco, snuff, &c., &c., they having first paid to the United States the special tax as dealers in tobacco, and also the special tax as manufacturers of cigars. In the course of said business they sold to their customers cigars so manufactured by them in the rear part of said room, in quantities less than 25, but out of stamped boxes, which boxes were duly branded, marked and stamped, and then deposited in a show-case before said sale was made. No cigars were sold by them upon which the tax had not been paid.

On the 21st of March, 1870, the commissioner of internal revenue had issued a circular (No. 181) in the following terms:

"The portions of the law regulating the manufacture and sale of cigars, without declaring in specific language that the two kinds of business, to wit, manufacturing cigars and selling manufactured tobacco and cigars at retail, shall not be carried on in the same place at the same time, impose such restrictions, make such requirements, and declare such forfeitures and penalties, as render it impracticable for these two kinds of business to be carried on together, as above stated. (See sections 3387, 3392 and 3397 of the Revised Statutes of the United States ; also, Special 85, revised, and Form 36½.) Under as lenient a construction of these several sections of the law as their language and the purpose for which they were enacted, to wit, the protection of the revenue, will admit, it is held that a cigar factory, or the place where cigars can be made for sale, must be at least an entire room, separated by walls and partitions from all other parts of

the building, and that the factory or place of manufacture designated and described in Form 36½ cannot be used, nor any portion thereof, even though marked off or separated from the remainder by a railing, counter, bench, screen, or curtain, be used as a store where the manufacturer can sell his cigars otherwise than in legal boxes, properly branded, labelled and stamped. When a cigar manufacturer has a store in a room adjoining his factory, a door and windows may be allowed between the factory and store ; and, if necessary for light or ventilation, the upper portion of the partition between the factory and store may be of glass or wire-cloth. Collectors and all other revenue officers are enjoined to see that these instructions are strictly enforced on and after May 1st, 1878."

This order was disregarded by the claimants, because in June, 1878, the said district court had decided that the business of manufacturing and selling cigars at retail, by the same person, at the place of manufacture, as well as selling at said place manufactured tobacco, pipes and other smoking material, was not prohibited by law. Thereupon in August, 1878, the cigars in suit were seized as forfeited, and were found, when seized, in boxes not stamped, in the rear part of the room before described. Such rear part had been designated as the factory or place of manufacture where the claimants proposed to carry on their business, in manner and form as prescribed by the commissioner of internal revenue, as follows :

" (36½.)

" UNITED STATES INTERNAL REVENUE.

" Cigar manufacturers' statement.

" To be rendered to the collector or deputy collector in duplicate, without previous demand therefor, by every manufacturer of cigars before commencing or continuing business. Act of July 20th, 1868, section 82, as modified by section 1, act of December 24th, 1872 ; section 3387, R. S.

" Ludloff Bros., of Baltimore, in the 6th division of the 3d district of the State of Maryland, at No. 60 W. Fayette street, propose to manufacture cigars ; and so much of the building or parts

of the building, stories, apartments, room or rooms, as is hereinafter described, is to be used exclusively and solely for manufacturing cigars, and is to be known as my manufactory, or place where cigars are made, to wit, in the room adjoining the store in the rear, on the first floor of premises No. 60 W. Fayette street.

"There are employed in the premises above described, or I propose to employ, five persons in making cigars; which cigars are manufactured for or to be sold and delivered to          , residing at No.      in the.       , and by occupation a            .

"(Signed)"                               "LUDLOFF BROS.

"I, William Ludloff, do swear that the above is, to the best of my knowledge and belief, a true and correct statement of, the place, street, number, and the exact premises where the business of manufacturing cigars is, or is to be carried on by Ludloff Bros., and all the other matter stated herein is true and correct.

"(Signed)                               "WILLIAM LUDLOFF.

"Sworn before me this 25th day of May, 1878.

"(Signed)                 "R. G. KING, *Dep'ty Collector.*

"NOTE.—The blank space in this form after the words 'to wit' is to be filled with a precise and accurate description of the premises. If the manufactory comprises anything less than the entire building, then the description must specify what portion of the building, whether the first, second, or third story of the same, and what room or rooms therein. The same premises or room cannot be used for carrying on the business of a cigar manufacturer and a dealer in cigars. In any building, room, or apartment of any building designated in this statement as the manufactory or place of manufacture, no cigars can be sold except such as are there manufactured, and are in original and full packages."

At the time of said seizure, the wire partition having been previously removed by the claimants, there was no division or separation between the said rear part of the room, designated as the factory as aforesaid, and the front part of the room, where the business of selling cigars, &c., was carried on by the claimants, except a wooden counter extending part of the way across the room, and from three to three and a half feet high, upon which said wire part of the partition had rested.

The court instructed a jury that if at the time of the seizure the cigars were found in the possession of the claimants, and they were carrying on the business of manufacturing cigars and selling the same by retail, such retail sales being in quantity less than 25 and not sold in stamped boxes, and that said manufacture and said retail sales were carried on in a room in which there was no separation except a wooden bar about three feet high, extending partly across the said room, the jury should find for the United States, although they might find that the claimants made cigars only behind said wooden bar and sold at retail out of stamped boxes. The court also instructed the jury that such retail selling, under such circumstances, to persons who took the cigars away, constituted a removal by the claimants of cigars from their manufactory, without the proper stamps on the boxes denoting the tax thereon. The court refused to instruct the jury that the business of manufacturing cigars and selling the same in less quantities than by the box, at the place of manufacture, is not prohibited by law, provided the manufacturer has a license as a dealer in tobacco, when he sells products other than his own manufacture. These instructions and refusal were excepted to by the claimants.

The substance of the instruction of the court was, that if the claimants had sold cigars manufactured by themselves in quantities less than 25, and not in boxes duly stamped, from the show-case in the part of the room in front of the bar, they had incurred the forfeiture in question, although the cigars were made by them in the rear part of the same room behind the bar, and were sold at retail out of stamped boxes. It is to be understood, from the bill of exceptions, in connection with the instructions and the verdict, that the claimants, after having had the rear part of the room, namely, the part designated in their "statement" as their manufactory, separated from the front part or store part of the same room by a wire partition, so as to substantially make two rooms, and to make the factory an entire room and a separate room, in accordance with the instructions of said circular, had, at the time of the sales at retail complained of as a ground of forfeiture, removed the wire partition, so that the factory was not then a separate

room in the sense of said circular, but the manufacturing was carried on in the same room in which the show-case was and in which the sales at retail took place. This being so, we are of opinion that the instructions were correct; that the requirements of the circular were within the power of the commissioner to prescribe, and not repugnant to any statutory provisions; that the retail sales in question were in violation of law; and that the forfeiture enforced was incurred.

The claimants contend that section 3236 of the Revised Statutes provides that whenever more than one of the pursuits or occupations thereinafter described, are carried on in the same place by the same person at same time, except as thereinafter provided, the tax shall be paid for each according to the rates severally prescribed; that, by subdivision 8 of section 3244, a dealer in tobacco pays a special tax of $5, and can sell manufactured tobacco, snuff and cigars, and by subdivision 10 of the same section, a manufacturer of cigars pays a special tax of $10; that the claimants had paid both of these special taxes; that subdivision 8 of section 3244 provides that no manufacturer of tobacco, snuff or cigars shall be required to pay a special tax as dealer in manufactured tobacco and cigars for selling his own products at the place of manufacture; that section 3392, forbidding the sale of cigars in any other form than in new boxes containing at least 25 cigars, provides that nothing in that section shall be construed as preventing the sale of cigars at retail by retail dealers who have paid the special tax as such, from boxes packed, stamped and branded in the manner prescribed by law; and that, under these enactments, no cause of forfeiture existed.

But we are of opinion that there is nothing in these provisions which authorizes the manufacturer of cigars to sell at the place of manufacture, from and out of boxes, cigars there made by him, even though he has paid a special tax as a dealer in tobacco. The provision in section 3236 refers only to pursuits or occupations which can be carried on in the same place by the same person at the same time consistently with other requirements of law on the subject of the special pursuit or occupation. It has no reference to the grant of any

authority to carry on two occupations at the same time and place by the same person, but concerns only the obtaining of a tax for each of two occupations when they are lawfully carried on.

The provision in section 3244 has no other effect than not to require that a manufacturer of tobacco, snuff, or cigars, who sells his own products at the place of manufacture in such manner as is consistent with other provisions of law as to the manner of the sale of such products, shall pay a special tax as a dealer in manufactured tobacco and cigars. It has relation solely to the exaction of a tax, and not to the conferring of authority to sell.

The provision cited from section 3392 has no relation to cigars sold as those in the present case were sold, by the manufacturers, at the place of manufacture. The cigars sold were not in their hands as retail dealers, but as manufacturers, because the requirements of law as to the removal of the cigars from the manufactory had not been observed, and the cigars were still in the manufactory.

We perceive nothing in sections 3387, 3888, or 3390 which affects the foregoing views.

Section 3392 requires that all cigars shall be packed and sold in new boxes containing at least 25. Section 3397 forbids the removal of cigars from any manufactory or place where cigars are made, without being packed in boxes as required, or without the proper stamp thereon denoting the tax. Section 3400 provides that if a manufacturer of cigars removes or sells any cigars without the proper stamps denoting the tax thereon, he shall forfeit to the United States all cigars found in his possession or in his manufactory. Under these provisions the removal of the cigars in this case from the place where they were manufactured, by selling them at retail not in stamped boxes, was ground for the forfeiture of the cigars seized.

The regulations prescribed by the commissioner by the circular referred to were within his authority, under section 3396, to prescribe such regulations for the inspection of cigars and the collection of the tax thereon as he may deem most effective for the prevention of frauds in the payment of such tax. *Thacher's Distilled Spirits,* 103 U. S. 679.

The proposition asserted in the instruction asked for by the claimants, and which the court refused to give, is understood to be, that, as the claimants sold at their shop, as dealers in tobacco who had paid the special tax, articles not of their own manufacture, in addition to cigars which they made in the same room, the sale of the last named cigars was not prohibited by law. If this proposition has any other meaning than the propositions before considered, it must be held to be entirely without support in law or in reason.

Although the record shows that the claimants were, as dealers in tobacco, engaged at their shop in the business of selling cigars which they purchased, as well as cigars which they made, there is nothing in the case which raises any other questions than those above considered.

*The judgment of the circuit court is affirmed.*