[No. 3429.]

## STARBIRD ET AL. v. CRANSTON.

1. MORTGAGES—ASSUMPSIT BY GRANTEE—PARTIES.

The liability of a grantee of real estate, upon which there is an incumbrance, who assumes and agrees to pay the same as a part of the consideration of the grant, arises out of the contract and constitutes a legal liability enforceable in an action at law by the beneficiary or person for whose benefit the promise is made, whether the promise is evidenced by a simple contract or one under seal.

2. SAME.

A grantee who accepts a deed poll containing an assumption on his part to pay off a mortgage becomes personally liable to the mortgagee, who may sue in his own name upon such covenant or agreement for the mortgage debt.

3. SAME—ASSIGNEE.

The assignee of notes secured by mortgage upon real estate the payment of which has been assumed by a grantee of the mortgagor, is the real party in interest, and may maintain an action against the grantee for the debt assumed.

4. SAME.

Where the assumption clause in a deed to property upon which there is a mortgage imposes an obligation upon the grantee primarily for the benefit of the mortgagee, and not for the indemnity of the grantor, such obligation cannot be released without the consent of the mortgagee.

5. SAME—DEFENSES—PLEADING.

A party accepting a deed in which an assumption clause has been inserted contrary to intention and without the knowledge of the parties, by fraud or mistake, may be relieved therefrom, upon proof of such fraud or mistake, but such defense, to be available, must be pleaded specially.

6. SAME.

The complaint alleged that the deed containing a clause by which the defendant assumed and agreed to pay off an incumbrance was delivered to and accepted by him. This was not denied, but the answer contained a denial that the defendant assumed or agreed to pay the incumbrance. *Held*, that evidence for the purpose of contradicting the assumption clause was properly excluded.

*Appeal from the District Court of Arapahoe County.*

ON THE 30th day of July, 1891, Herbert D. Wellington

executed to Tanquary & Gibson, seven promissory notes, of $1,000 each; and to secure the same, executed to John T. Gibson deeds of trust upon certain lots in the city of Denver. On the same day Wellington conveyed the mortgaged property to George A. Starbird and Frank B. Davis by warranty deed, which, however, contained the following clause, to wit:

"Except taxes of 1891. * * * Also seven trust deeds of $1,000 each, given to John T. Gibson, trustee, for the benefit of Tanquary & Gibson; all of which the grantees herein assume and agree to pay, as part of the purchase price."

On the 3d day of September, 1892, the notes remaining unpaid, Tanquary & Gibson brought this action against Starbird and Davis to recover the amount due thereon, predicating their right to such recovery upon the assumption clause above quoted. A demurrer was interposed to this complaint, which *inter alia*, challenged the right of Tanquary & Gibson to maintain an action at law upon this agreement. During the pendency of the demurrer Earl M. Cranston presented a petition, setting forth that Tanquary & Gibson, for a valuable consideration, had sold and assigned to him the notes sued on, and asking, as such owner and holder, to be substituted as plaintiff in the case. On November 14, 1892, the demurrer to the complaint was overruled, and an order made, substituting Earl M. Cranston as plaintiff in lieu of Tanquary & Gibson.

The answer of defendants is quite voluminous, and contains six separate defenses to each cause of action, and four defenses to the entire complaint. It is impracticable to set out these various defenses *in hæc verba*, but they are in substance to the effect that prior to the commencement of the suit, and before defendants had notice that Tanquary & Gibson would accept the benefits of the alleged agreement in the deed, to wit: on the 28th day of December, 1891, Wellington, for a cash consideration of $800 and the conveyance of all of the lots, except three, to one Frederick Linn (but in fact for his own use and benefit) released them from the

obligation and liability assumed or incurred by them by reason of such agreement. That Cranston was not the owner of the notes sued on, but that Tanquary & Gibson sold, transferred and assigned the same to the Union National Bank of Denver. That on the 13th day of October, 1892, Tanquary & Gibson commenced an action upon the notes against Wellington, sued out an attachment, and levied the same upon a large amount of personal property belonging to him. That on the 14th day of October, Tanquary & Gibson sold and assigned all of said notes to the Union National Bank of Denver; and on or about the        day of October the bank procured said Wellington to execute a bill of sale of the attached property to the plaintiff Cranston, in payment of the indebtedness evidenced by the notes; that Cranston and the bank sold the property attached and so transferred for more than enough to pay the notes. The third general defense is as follows:

" The defendants deny that they assumed or agreed to pay the notes or trust deeds, or any part of the same which are mentioned in said complaint, as a part of the consideration for the property, or any part thereof mentioned in said complaint, or otherwise."

It appears that in settling the original pleading, the judge who then had control of the case overruled a demurrer to the third separate defenses, wherein the alleged release was pleaded; and that the judge who tried the case sustained a demurrer to the fourth amended general defense, and on motion struck out the fifth amended separate defenses, wherein the same defense was pleaded with more particularity. The cause was finally tried by the latter judge upon the theory that the alleged release constituted no defense to the action. Plaintiff, in his reply to the third separate defense, denied that the alleged release of defendants by Wellington was made before Tanquary & Gibson had accepted the benefits of defendants' obligation, or that the same was made with their knowledge or consent; and denies the power of Wellington to release the defendants from their

obligation and liability; admits the commencement of the suit against Wellington, by Tanquary & Gibson, and the levy and discharge of the attachment; that Wellington executed and delivered to plaintiff a bill of sale of the attached property; denies that such transfer was for the purpose of paying the notes in suit, or any part of them; but alleges that it was by way of collateral security for other notes executed by Wellington, and in which defendants were in no way interested; denies the sale and transfer of the notes to the bank, and that plaintiff or the bank has realized therefrom any sum of money applicable to the payment of the notes, or have received payment of the same from Wellington, or in any other way.

Upon the trial, defendants offered in evidence a written agreement between Wellington and themselves, under and in pursuance of which they purchased the mortgaged property, for the purpose of showing that they did not agree to assume the payment of the trust deeds as a part of the purchase price; but only agreed to accept a conveyance of the property subject thereto; and also attempted to prove by defendants when upon the witness stand, that they never covenanted to assume the payment of the notes, and that the assumption clause in the deed was inserted without their authority or consent.   Upon objection by plaintiff, the court excluded this evidence.

The appellants also sought to introduce the deed to Linn, and oral testimony, in support of the alleged release of defendants by Wellington.   The court refused to permit the introduction of this evidence until a preliminary showing was made that Tanquary & Gibson had not accepted or acted upon the assumption clause prior to December 28th; and after hearing the testimony introduced upon this branch of the inquiry, it finally excluded the evidence offered, because, under its ruling upon the demurrer as above stated, it was immaterial, and constituted no defense.

The case was tried to a jury.   Upon the conclusion of the testimony the defendants prayed the following instructions, which were refused:

"First: The plaintiff alleges that the defendants assumed and agreed to pay the notes mentioned in the complaint, as a part of the consideration for certain property conveyed to them by Herbert D. Wellington. The defendants by their answer have denied that allegation; the burden of proof is upon the plaintiff to establish it. Whether the defendants did assume and agree to pay the notes is a question of fact to be determined by you.

"Second: You are instructed, that the commencement of the attachment suit by Tanquary & Gibson, on October 13th, 1892, upon the notes in question, against Herbert D. Wellington, is evidence of an election by Tanquary & Gibson to pursue their remedy against Wellington, and that if they levied upon and attached, and procured a legal, binding and prior lien upon a sufficient amount of Wellington's property, to secure the payment of Wellington's indebtedness to them, that Tanquary & Gibson thereby waived their right, if any they ever had, to further prosecute this action against the defendants, and the plaintiff, Cranston, is in no better position than Tanquary & Gibson would be were they now plaintiff."

The court instructed the jury as follows:

"Gentlemen of the Jury: The testimony in this case being now all in, I think it my duty to instruct you that there is not sufficient evidence in this case to warrant the court sending you out to pass upon it, and you are instructed that you should find a verdict for the plaintiff, for the sum of $7,742.57."

And thereupon the jury found a verdict in favor of plaintiff. Motion for new trial was overruled, and judgment entered upon the verdict for $7,742.57. The defendants bring the case here on appeal.

Mr. CHARLES H. BURTON and Messrs. RIDDELL & STARKWEATHER, for appellants.

Messrs. CRANSTON, PITKIN & MOORE, for appellee.

MR. JUSTICE GODDARD delivered the opinion of the court.

The appellants assign numerous errors upon the rulings of the court below, which, when summarized present for our consideration the following questions :

*First.* Can a mortgagee maintain an action at law, in his own name, to recover his mortgage debt against a grantee who accepts a conveyance of the mortgaged premises containing an agreement to assume and pay the same ?

*Second.* Can appellee, as assignee and legal owner of the secured notes, maintain this action ?

*Third.* Can the grantor release the grantee from the obligations incurred by the assumption agreement, without the consent of the beneficiary ?   In other words, was the attempted release by Wellington effectual to relieve appellants from their liability upon their assumption agreement to Tanquary & Gibson ?

*Fourth.* Did the conveyance of the property to Linn, in pursuance of the alleged agreement of release, change the relations of the parties, and make Wellington the principal debtor, and the appellants merely sureties, so that the discharge of the attachment on his property, or the extension of the time of payment of the notes, operated to discharge them from liability ?

*Fifth.* Was the original contract between Wellington and appellants admissible under the issues made by the pleadings, to contradict the assumption agreement contained in the deed ?

Upon the first proposition there is a diversity of opinion among the courts of last resort in this country, growing out of the particular view that each tribunal has taken as to the ground of the liability of the grantee who assumes the payment of a mortgage upon the property conveyed to him ; some holding that his liability depends upon the equitable doctrine of subrogation, and that the obligation he assumes can be enforced only in an equitable proceeding ; while others hold that it arises out of contract, and constitutes a legal

liability, enforceable in an action at law. The latter is not only the better and more generally accepted view, but is the one that prevails in this jurisdiction. *Green v. Morrison*, 5 Colo. 18; *Skinner v. Harker*, 23 Colo. 333; *Woods Inv. Co. v. Palmer*, 45 Pac. Rep. 237, 8 Colo. Ct. App. 132; *Burbank v. Roots*, 4 Colo. Ct. App. 197; *Stuyvesant v. Western Mortgage Co.*, 22 Colo. 28. Mr. Pomeroy, in discussing the rationale of the grantee's liability, in his work on Equity Jurisprudence, uses the following language:

" The ground of grantee's liability adopted by the courts of a large majority of the states, is that of contract. It is an application of the general doctrine, so widely prevailing in this country that it may properly be called an American doctrine—where A. makes a promise directly to B., for the benefit of C., upon a consideration moving alone from B., C. being the party beneficially interested may treat the promise as though made to himself, and may maintain an action at law upon it in his own name against A. the promisor. According to this generally accepted view, the liability of the grantee, who thus assumes the payment of an outstanding mortgage, does not depend upon any extension of the equitable doctrine concerning subrogation; it is strictly legal, arising out of a contract binding at law; the mortgagee, instead of enforcing the liability by a suit in equity for a foreclosure, may maintain an action at law against the grantee upon his promise, and recover a personal judgment for the whole mortgage debt." Pomeroy's Eq. Jur. Vol. 3, § 1207.

Among the adjudicated cases announcing this rule are: *Burr v. Beers*, 24 N. Y. 178; *Thorp v. Keokuk Coal Co.*, 48 N. Y. 253; *Dean v. Walker*, 107 Ill. 540; *Bay v. Williams*, 112 Ill. 91; *Schmucker v. Sibert*, 18 Kan. 104; *Urquhart v. Brayton*, 12 R. I. 169; *Ross v. Kennison*, 38 Ia. 396; *Rogers v. Gosnell*, 58 Mo. 589; *Merriman v. Moore*, 90 Pa. St. 78; *Follansbee v. Johnson*, 28 Minn. 311; *Bassett v. Hughes*, 43 Wis. 319; Bliss on Code Pleading, sec. 128.

But it is strenuously insisted by counsel for appellants that a distinction should be made where the assumption

agreement is contained in a deed, as in this case, upon the theory that the assumption clause must be treated as a covenant, and that an action on a covenant will only lie in the name of the covenantee. But this technical rule of the common law does not prevail in states that have adopted the reform procedure. Under our code the action must be prosecuted in the name of the real party in interest; and certainly the beneficiary, or person for whose benefit the promise is made, is the real party in interest, whether the promise is evidenced by a simple contract, or one under seal. Pomeroy on Remedies & Remedial Rights, sec. 139; Bliss on Code Pleading, sec. 58; *McDowell v. Laev*, 35 Wis. 171; *Bassett v. Hughes, supra; Fitzgerald v. Barker*, 70 Mo. 685; *Emmitt v. Brophy*, 42 Ohio St. 82; *Van Schaick v. R. R. Co.*, 38 N. Y. 346; *Lawrence v. Fox*, 20 N. Y. 268.

In these cases, and many others that might be cited, the old rule that no one but a covenantee could sue on a covenant is distinctly repudiated; and it is held that a grantee who accepts a deed poll containing an assumption agreement to pay a mortgage, becomes personally liable to the mortgagee, who may maintain a suit in his own name upon such covenant or agreement, for the mortgage debt.

We think, therefore, the first question must be answered in the affirmative; and that the assignment and transfer of the notes to appellee, vesting the entire legal title thereto in him, constituted him, as such legal owner, the real party in interest within the meaning of the code, and entitled him to maintain this action. This seems to be the settled doctrine in most of the states. Pom. on Rem. & Rem. Rights, secs. 128, 132; Bliss on Code Pleadings, sec. 51 and cases cited; and is expressly recognized in *Bassett v. Inman*, 7 Colo. 270.

In the view we take of the nature of appellants' liability upon the assumption agreement contained in their deed, the answer to the third question presented is easy of solution. It is obvious that if, as we have seen, the assumption clause in the deed imposed an obligation upon appellants primarily

for the benefit of Tanquary & Gibson, and not for the indemnity of their grantor, that by accepting the deed, they became effectually bound by such obligation, and an immediate right to enforce it vested in the beneficiaries; which right could not be divested without their consent.

Mr. Jones, treating this subject in his Work on Mortgages, Vol. 1, sec. 764, says:

"The result of the latest cases upon this subject is, that, where the conveyance is absolute to the grantee, his assumption of an existing mortgage creates against him an absolute obligation for its payment, and that a release of this obligation cannot be made by the grantor without the assent of the mortgagee. The acceptance on the part of the mortgagee of the benefit of the assumption is a legal presumption, in the absence of proof, of his actual dissent."

And in Devlin on Deeds, sec. 1093, it is said:

"Two opposite views prevail as to the power of the grantor to deprive a mortgagee of the stipulation made by a grantee to assume a mortgage. Where the covenant is considered one of indemnity only, of which the mortgagee may take advantage by a species of equitable subrogation, the parties to the covenant may at any time before a bill for foreclosure is filed, discharge the liability by a reconveyance, and as there is then no longer any contract of indemnity, there can be no right to which the mortgagee can be subrogated. And this may be done under this view by a simple release. But on the other hand, in other courts, the promise is regarded as irrevocable, and it is held that where the deed to the grantee is absolute, he incurs an absolute obligation for its payment by assuming it, and that without the consent of the mortgagee, the grantor cannot release this obligation."

See also *Bassett v. Hughes, supra ; Bay v. Williams, supra ; Douglass v. Wells,* 18 Hun, 88 ; *Gifford v. Corrigan,* 117 N. Y. 357; *Rogers v. Gosnell, supra ; Ranney v. McMullen,* 5 Abbott's New Cases, 246.

We think, therefore, it necessarily and logically follows

that the alleged release by Wellington, of appellants, whatever its effect may be as between themselves, was wholly ineffectual to relieve them of their liability to Tanquary & Gibson.    It is, however, insisted that by the conveyance made in pursuance of the agreement with Wellington, the relation of the parties was changed, and that thereby Wellington became the principal debtor, and the appellants merely sureties; and that by their subsequent dealings with Wellington, Tanquary & Gibson released appellants from all liability upon the notes.

We think this claim is untenable.    There is no averment in the answer to the effect that, in consideration of such release, Wellington made any new promise to pay the notes, or agreed to indemnify appellants against the liability they had assumed.    But it does appear, by the terms of the deed, that Linn assumed their payment, so that any agreement which Tanquary & Gibson might have made with Wellington, was an agréement with him as surety merely, and in no way affected the liability of appellants, who still remained liable to Tanquary & Gibson, as principal debtors.

Upon the question of the admissibility of the original contract between Wellington and appellants, to contradict the assumption clause in the deed, we are cited to the cases of *Elliott v. Sackett*, 108 U. S. 132; *Drury v. Hayden*, 111 U. S. 223.    Under the doctrine of these cases, (in which we fully concur) a party accepting a deed in which an assumption clause has been inserted contrary to the intention, and without the knowledge, of the parties, by fraud or mistake, and without actual knowledge of such clause being in the deed, may upon proof of such mistake or fraud, be relieved therefrom.    But such a defense, to be available, must be pleaded. In the case at bar there is no suggestion in the answer that the assumption clause contained in the deed from Wellington to appellants was inserted by fraud or mistake; or that appellants accepted the deed without knowledge that it contained such a clause.    In those portions of the answer setting

out the release relied on, there is no intimation that the assumption clause in the deed was wrongfully inserted; but, on the other hand, it is treated as a binding obligation upon appellants, and exemption therefrom is claimed solely on the ground of the payment of a valuable consideration. The only averment contained in the answer that is relied on as presenting such defense is the third general defense, wherein defendants deny that they assumed or agreed to pay the notes. It is too well settled to admit of discussion, that fraud or mistake, to be available, must be specifically averred.

It is alleged in the complaint that the deed in question was delivered to defendants, and by them accepted, and that they caused said deed to be filed for record in the office of the county clerk and recorder of Arapahoe county. This allegation is not here controverted in the answer. In *Muhlig v. Fiske*, 131 Mass. 110, it is said:

"If the deed of conveyance from the plaintiff to the defendant was delivered by the grantor and accepted by the grantee, the latter thereby assumed the duty of performing according to its terms the promise therein expressed to be made by him. * * * The defendant, having, by the delivery which the jury have found, accepted the deed of conveyance and thereby obtained the estate which he afterwards conveyed to a third person, and so made himself liable to the burden which by the terms of the deed he had assumed, could not (no fraud in the execution or delivery of the deed being suggested) impair the legal effect of his own act by oral evidence that he had never agreed to assume and pay the mortgage, nor authorized nor knew of the insertion of such an agreement in the deed. Such evidence, except so far as it tended to show that there had been no delivery of the deed, was therefore rightly excluded, independently of any question of pleading."

We think, under the pleadings in this case, the evidence sought to be introduced for the purpose of contradicting the assumption clause in the deed, was properly excluded.

Upon a careful consideration of the entire record, we think the court below properly directed the jury to render a verdict in favor of plaintiff, and the judgment is accordingly affirmed.