Bissell, P. J.
Prior to the adjudication in Starbird v. Cranston, 24 Colo. 20, the liability of the grantee who assumed the payment of *385 a mortgage upon property conveyed to him, was a matter of large professional discussion. The diversity of opinion proceeded from the circumstance that the authorities were not uniform in the results at which they arrived and in the reasons which they gave for the support of the doctrine announced. Since the Starbird case however the question has been entirely settled in this state, and it is wholly clear that the liability is one which arises out of contract and constitutes a legal liability enforcible in an action at law. Had this case been decided prior to the time the suit was commenced, the parties would have had less trouble in framing an issue. Leaving out of consideration all the immaterial averments in the complaint and the matters pleaded by way of defense which would be unavailing, we are brought face to face with the direct proposition whether under the proof and the pleadings the plaintiff could recover against Cobb in an action based on his contract to pay the mortgage debt. The principal argument made by the appellant rests on the assumption, which is true, that Cobb’s grantor was not obligated for the mortgage. The title was conveyed to her without any assumption or agreement on her part, and when she conveyed to Cobb, she conveyed by deed which contained a clause of assumption. Of course we recognize that a different rule is often applied in a case wherein the grantor is obligated from the one adopted where he assumes no liability. The distinction, however, proceeds wholly from the circumstance that in the one case there is a manifest consideration, and in'the other it is a matter either of deduction or proof; at least we see no other distinction expressed in the cases, except in those which are based on what each particular suit disclosed«respecting this matter. The conclusion which we have reached deprives this case of any difficulty on that score, and we will now proceed to state the record.
In 1892, 'Robert Jones was the owner of some proporty in addition to the city of Denver, and while the owner executed to Fishel three notes aggregating $3,250 upon a certain time and upon certain terms. Subsequently Jones executed a *386 trust deed to Bartels on the lots to secure the payment of those notes. About a month afterwards J ones conveyed to Mrs. Adah E. Jones, his wife. The complaint then proceeds to state that this conveyance was without consideration ; that she took it as trustee, and in various sorts of ways the pleader sought to build up a case which should establish Cobb’s liability, proceeding from his acceptance of the deed containing the assumption. All these matters will be disposed of by the simple suggestion that they were wholly unnecessary.
We decide the case as it now stands under the law of this state. Mrs. Jones conveyed this property in December to Cobb, the plaintiff in error, who was sued below to recover a deficiency. In the deed from Mrs. Jones to Cobb it was stated to be on the consideration of $12,000 the receipt whereof was confessed and acknowledged, followed by the clause reciting the existence of a mortgage of $3,250, which the grantee assumed and agreed to pay. Now under the Starbird case that was a contract on Cobb’s part to pay $3,250 and the holder of the note could sue him directly for the entire sum, or foreclosing could sue him for any deficiency which might arise, providing there was a consideration for the agreement, because this was an agreement made by Cobb with Mrs. Jones which would inure to the benefit of the holder of the notes. This liability could be enforced in an action at law, as well as in an equitable suit, and is not at all dependent on the doctrine of subrogation, but was a contractual liability and the party to whose benefit the promise inured, could maintain the action. This makes it very simple and the only matter we have to determine, is whether there was any disclosed consideration.
The appellant insists with a good deal of vigor that the assumption of the mortgage debt could be no part of the consideration because of the recital in the deed that it was for the sum of $12,000, “the receipt whereof is acknowledged and confessed.” From this language he thereupon assumes that the $12,000 was paid in cash and that $3,250 must necessarily have been outside of it, and therefore was no part *387 of the consideration. The trouble with the argument is it begs the question. It assumes that the $12,000 was paid in cash, which jarobably was not true, and which certainly is not true under Cobb’s own plea, and it assumes that the $3,250 was no part of it because the receipt of the $12,000 was confessed. The latter part of it is a non sequitur. Although the $12,000 may be admitted to have been paid, there is nothing in the deed controverting the idea that the $3,250 was part and parcel of it, even though the balance may have been paid in cash. We entirely agree with the court below that the legal presumption arising from a deed of this description, a recital of that sort, and a promise of this description is that the amount assumed and agreed to be paid by the grantee is a portion of the purchase price of the property. It seems to us that this is a legal presumption entirely warranted from the phraseology of the deed and from the well known history of all business transactions witli respect to the transfer and conveyance of real property. Everybody knows, business men and judges alike, that no man assumes a mortgage unless that mortgage constitutes a part of the consideration for the conveyance, or is a part of the consideration of the transaction of which the conveyance forms a part. The truth is however, that we have in the defendant’s own plea, a complete and specific explanation of the transaction and as against him ample proof that the assumption of the mortgage was a part of the consideration. When Cobb was sued for the deficiency, he pleaded sundry and divers defenses, but among others pleaded that on the 23d of December, the date of the transfer, he and Mrs. Jones agreed to make an exchange of their interests in certain properties on certain terms. He stated that the terms were, Mrs. Jones should convey by deed the property owned by her in East Broadway Terrace and other property which need not be mentioned, subject to the trust deed of-$3,250, which he was to assume and agree to pay; that Cobb as his part of the transaction should deed to Mrs. Jones certain lots in Evans Addition, subject to a $4,000 incumbrance which she was to assume and agree to pay, and *388 likewise execute her note for $2,000 secured by a second trust deed on the property. The latter sum was supposed to represent the difference in value between the two pieces of property which were traded. Out of these facts we certainly can build up an ample consideration. Mrs. Jones not only assumed and agreed to pay the $4,000 mortgage on the Evans property, but she also gave her note for $2,000 and secured it by a second trust deed on the same realty. If this was not a sufficient consideration for Cobb’s promise to assume to pay the $3,250 debt on the Broadway Terrace property, there is no force in what we regard as a well settled legal principle — a promise for a promise is an ample consideration for a contract. Cobb promised on the one side to protect a mortgage, and Mrs. Jones promised to protect another mortgage, besides giving a note. This promise to assume and pay the debt on the Broadway Terrace property is one which under the Starbird case is enforcible by the person holding the notes. We see no force in the attempted answer to this contention which the appellant urges that the admisson in the pleading is insufficient proof and that therefore the plaintiff may not recover. The attorney argues that this is denied and therefore it becomes an issuable fact, and may not be taken as an admission which concludes him. We do not so understand the force and effect of pleadings. We conceive that whenever an admission of that sort is found in a pleading, put in by the defendant, no matter if it be denied, the admission can be taken and used for all purposes and to every legitimate extent and limit to determine where the right lies and as proof of a fact. We do not understand that the force and effect of the admission is at all overcome by the denial in the replication. Since this is true there is in the record sufficient proof of the payment of the consideration to enable the plaintiff to maintain his suit for the deficiency for which he had judgment in the sum of about $700.
The judgment of the court below is in accord with this position and with this authority and in view of the law, the judgment should be affirmed which is accordingly done.

Affirmed.