(115 So. 385)

**COPELAND v. BEARD.  (6 Div. 102.)**

Court of Appeals of Alabama.   Feb. 1, 1927.

Rehearing Denied June 30, 1927.

Reversed on Mandate Feb. 14, 1928.

326

T. B. Ward and J. M. Ward, both of Tuscaloosa, for appellant.

Patton & Patton, of Carrollton and H. A. & D. K. Jones, of Tuscaloosa, for appellee.

SAMFORD, J. The action was in five counts; counts 3 and 4 went out on demurrer, and the court by its judgment found for defendant on count 1. This leaves for consideration rulings of the court affecting counts 2 and 5.

■ Counts 2 and 5 stated a good cause of action and were not subject to the demurrers interposed. Dimmick v. Register, 92 Ala. 458, 9 So. 79; National Surety Co. v. Graves, 211 Ala. 533, 101 So. 190 (opinion).

This case depends upon a written contract between Copeland Bros. Realty Company on the one part, and defendant and his associates on the other, whereby defendant and his associates purchased and had conveyed to them certain property belonging to Copeland Bros. Realty Company, the consideration being $100 cash and the assumption and payment by defendant et al. of certain indebtedness and obligations of Copeland Bros. Realty Company. It is claimed and admitted that the note here sued on is a part of the indebtedness existing against Copeland Bros. Realty Company, but it is denied that said note is a part of the indebtedness contracted to be paid, or, if so, that this defendant had by subsequent agreement, and before plaintiff had accepted him as a debtor, been relieved from the obligation to pay, by Copeland Realty Company.

■ The extent of the liability of a person who has made a contract with another to pay the debt due some third person is determined by the terms of the contract or agreement, and after execution the right of action passes to the creditor. The Home v. Selling, 91 Or. 428, 179 P. 261, 21 A. L. R. pp. 403 and 469; Dimmick v. Register, supra.

■ In this case defendant purchased from Copeland Bros. Realty Company certain sawmill property in Pickens county consisting of lands, easements, and personal property, the principal consideration being the agreement to pay certain debts due by Copeland Bros.

Realty Company. That part of the consideration with which we are here concerned is as follows:

"Agree to pay all indebtedness and liens on said above described property, * * * and further agree to pay all indebtedness due for equipment and property whether on open account or whether secured by mortgages or liens on all property or equipment that is being used by the party of the first part and created in connection with the manufacture of lumber in said Pickens county."

The property conveyed was all of the property of the Copeland Bros. Realty Company used in connection with the sawmill in Pickens county, and the principal consideration to be paid by defendant and associates was the payment of the debts of the corporation (grantor) incident to the operation of the sawmill. It is evident that plaintiff's debt was a part of these obligations assumed by defendant. This gave to plaintiff the right to sue. Dimmick v. Register, supra; Young v. Hawkins, 74 Ala. 370; Coleman v. Hatcher, 77 Ala. 217; Huckabee v. May, 14 Ala. 263; Lockwood v. Nelson, 16 Ala. 294.

■ Agreements subsequent to the contract of sale between Copeland Bros. Realty Company, defendant and associates, and Delma Lumber Company, different from the contract between Copeland Bros. Realty Company and defendant, affecting the rights of the creditors of Copeland Bros. Realty Company, would not be binding on this plaintiff, unless the contract of sale had been repudiated by plaintiff or the subsequent agreement has been approved by plaintiff. Authorities, supra.

There is no prejudicial error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

■■ Copeland Bros. Realty Company, a corporation, owed the plaintiff the debt here sued for. On June 29, 1923, Copeland Bros., by deed, conveyed to M. M. and Talmage Copeland its property therein described for a valuable consideration therein named, including a promise on the part of the grantees to pay the plaintiff's debt. So much is decided in the main opinion and not seriously controverted in this application. The grantees paid the cash consideration named and assumed dominion over the property described. There were no restrictions or conditions named in the conveyance, other than that grantees should pay the obligations of grantors as described. Subsequently and on the same day this defendant and his joint grantees deeded the property obtained from Copeland Realty Company to Delma Lumber Company, a corporation, upon a cash consideration of $100 and the assumption and payment of certain described "indebtedness of the parties of the first part" (to wit defendant and

Mozelle and Talmage Copeland). Thereafter and on the same day the defendant and his associates sold the property obtained from Copeland Realty Company to Delma Lumber Company, and the Copeland Realty Company, without any additional consideration passing to it, passed a resolution releasing defendant and his associates from the payment of the obligations of the Copeland Realty Company named as a part of the consideration in the first deed. It is now urged and insisted that this last resolution of the Copeland Realty Company had the effect of divesting this plaintiff of any right which she may have acquired under the first agreement. There are authorities, some of which are collated and quoted from in 21 A. L. R. 462, which hold that in contracts between mortgagors and their grantees, whereby the latter agree to assume and pay the mortgage debt, the contract can be rescinded at any time before the mortgagee has accepted the agreement. But we apprehend that even in those cases different conclusions would have been reached, if the mortgagors' grantees had retained possession of the mortgaged premises or had conveyed them to another. In one of the above cited cases, Youngs v. Public Schools, 31 N. J. Eq. 290, the distinction sought to be made was:

"Between a trust created for the better securing of the debt, and a contract simply to indemnify a surety against his collateral liability. Where a trust is created for better securing the debt, it attaches to the debt, and inures immediately to the benefit of the creditor, and will subsist until the debt be paid. Such a trust, as a general rule, cannot be extinguished or discharged without the concurrence of all parties in interest. But where a collateral obligation is given [as an agreement to pay a mortgage debt], or a trust is created, merely for the indemnity of the surety [in that case the mortgagor], and for his protection and benefit only, it may be released and discharged by him as the only person interested in it, and his release, as a general rule, will operate as a complete extinguishment, unless, in the meantime, some equitable right in it has arisen in favor of third persons." Biddle v. Pugh, 59 N. J. Eq. 480, 45 A. 626.

In the above case and in New Jersey generally the mortgagor is treated as a surety to pay the mortgage debt. Youngs v. Public Schools, 31 N. J. Eq. 290. Also, in the New York case of Douglass v. Wells, 18 Hun, 88, it was held that:

"On the making of a contract of assumption by the grantee, the mortgagee was at once vested with a right to hold him on his contract, and in such a case an acceptance was a legal presumption, in the absence of proof of actual dissent, and that therefore the contract could not be rescinded even though there was no evidence of acceptance on the part of the mortgagee."

To a limited extent the case of Willard v. Worsham, 76 Va. 392, is to the same effect as the above. The courts of Illinois and Colorado place themselves squarely upon the proposition; the grantee cannot by a subsequent contract with the debtor obtain a release from the obligation in favor of the creditors. Bay v. Williams, 112 Ill. 91, 1 N. E. 340, 54 Am. Rep. 209; Starbird v. Cranston, 24 Colo. 20, 48 P. 652. We think that the proper distinction is drawn in the New Jersey cases, supra. In the one instance, if the contract be for the better securing of the debt a trust is created for the benefit of the creditor which inures immediately to his benefit and cannot be released by the grantor; in the other, where a collateral obligation is given, or a trust is created merely for the indemnity of the surety and for his protection and benefit only it may be released and discharged by him as the only party at interest. To the foregoing authorities may be added Tweeddale v. Tweeddale, 116 Wis. 517, 93 N. W. 440, 61 L. R. A. 509, 96 Am. St. Rep. 1003. The recent case of Clark & Co. v. Nelson, 216 Ala. 199, 112 So. 819, is based upon the rescission of the contract, before acceptance by the debtor, thereby placing the parties in statu quo. There is a vast difference between a rescission, where the property transferred as the consideration for the agreement to pay a creditor is reconveyed to the contracting debtor, and a subsequent agreement to release a purchaser of the debtor's property who had agreed to pay a creditor in consideration of property transferred to him without a reconveyance of the property. When read and understood none of these cases are in conflict with the general rule in this state as declared in the authorities cited in the original opinion.

We see no reason for changing the conclusion reached in the original opinion. The opinion is extended, and the application is overruled.

PER CURIAM. Reversed and remanded on authority of Copeland v. Beard, 217 Ala. 216, 115 So. 389.