[No. 5091.]
[No. 2663 C. A.]

HASTINGS v. PRINGLE.

**Trust Deeds—Bills and Notes—Agreement for Benefit of Third Person.**

Where the vendee of real property, as part of the consideration, agreed with the vendor to pay a note secured by a deed of trust on certain lands, he is liable to the payee on the promise irrespective of the vendor's liability on the note.—P. 89.

*Error to the District Court of Arapahoe County.*
*Hon. C. P. Butler, Judge.*

Action by Smith H. Hastings against Gordon P. Pringle. From a judgment in favor of defendant, plaintiff brings error.          *Reversed.*

Mr. CASS E. HERRINGTON, for plaintiff in error.

Mr. F. A. WILLIAMS and Mr. G. W. WHITFORD, for defendant in error.

Mr. JUSTICE GUNTER delivered the opinion of the court:

In 1891, Mackey executed his promissory note to Shepherd, and to secure the same a trust deed upon real estate, of which he was then the owner in fee. Later, in the same year, defendant in error (defendant below), purchased said real estate from Vroom—a remote grantee of Mackey—and received a warranty deed therefor. At the time of this sale, the trust deed was still a lien upon the real estate, and, as a part of the consideration for the sale, defendant agreed with Vroom to pay said note. The note and deed of trust were later transferred to plaintiff in error. The trust deed was foreclosed by plaintiff in error, leaving a deficiency, to recover which, plaintiff in error brought this suit against said defendant, counting on his said contract to assume and pay said note.

A general demurrer to the amended complaint setting out these facts was sustained below. Plaintiff stood upon his complaint, and the judgment of the court below sustaining the demurrer is here for review. The particular point made to sustain the ruling below is, that the complaint did not set forth the liability, if any, upon the promissory note and trust deed of Vroom, who conveyed by warranty deed the real estate to defendant, and to whom the promise was made by defendant to assume and pay said note.

Any question as to the liability of said defendant upon such promise is at rest in this state.

In *Starbird v. Cranston*, 24 Colorado 20, W. executed certain notes, and, to secure the same, gave trust deeds upon certain real estate. W. conveyed the mortgaged property to third parties by warranty deed, which deed contained a clause whereby

the grantee agreed to pay, as a part of the purchase price, said notes. The notes remaining unpaid at maturity, an action at law was brought against the said grantees upon their contract to pay the notes as a part of the consideration for the grant to them of the property mentioned. It was held that the action would lie.

The language from the syllabus expresses the gist of the ruling of the court pertinent to the question before us:

"The liability of a grantee of real estate, upon which there is an incumbrance, who assumes and agrees to pay the same as a part of the consideration of the grant, arises out of the contract and constitutes a legal liability enforceable in an action at law by the beneficiary or person for whose benefit the promise is made, whether the promise is evidenced by a simple contract or one under seal."

The following is quoted approvingly from Pomeroy's Eq. Jur., vol. 3, § 1207:

"The ground of grantee's liability adopted by the courts of a large majority of the states, is that of contract. It is an application of the general doctrine, so widely prevailing in this country that it may properly be called an American doctrine— where A. makes a promise directly to B. for the benefit of C. upon a consideration moving alone from B., C. being the party beneficially interested may treat the promise as though made to himself, and may maintain an action at law upon it in his own name against A., the promisor."

The principle thus announced is recognized and applied in *Wilson v. Lunt,* 11 Colo. App. 56, 60 and 61. The case is also followed upon a state of facts exactly similar to those here present in *Cobb v. Fishel,* 15 Colo. App. 384. There, Jones, the owner

of real estate, executed notes running to Fishel, and a trust deed on the real estate to secure the payment of the notes. Afterwards he conveyed to his wife. The wife conveyed to Cobb, who, in part considera-tion for the conveyance, agreed to pay the Fishel notes. Cobb was sued for a deficiency arising after foreclosure of the trust deed. The court said:

"Now under the Starbird case that was a con-tract on Cobb's part to pay $3,250.00 (Fishel notes), and the holder of the notes could sue him directly for the entire sum, or, foreclosing, could sue him for any deficiency which might arise, providing there was a consideration for the agreement, because this was an agreement made by Cobb with Mrs. Jones which would inure to the benefit of the holder of the notes. This liability could be enforced in an action at law, as well as in an equitable suit, and is not at all dependent on the doctrine of subrogation, but was a contractual liability, and the party to whose bene-fit the promise inured could maintain the action. This makes it very simple, and the only matter we have to determine is, whether there was any dis-closed consideration."

The court held that the conveyance from Mrs. Jones, although she was not obligated on the Fishel notes, constituted a consideration for the promise of Cobb to pay said notes.

In the case before us, Vroom owned the real estate; he conveyed it to said defendant, Pringle, and in consideration of this conveyance defendant agreed to pay the note sued on. It is not alleged that Vroom was liable on the note thus assumed by defendant.

Under the authorities cited there was a contract supported by a consideration—the conveyance from Vroom to defendant—and an action at law lay there-on in favor of plaintiff, the payee of the note.

The complaint stated a cause of· action, and the demurrer thereto was improperly sustained.

· Judgment reversed.                    *Reversed.*

CHIEF JUSTICE GABBERT and Mr. JUSTICE MAXWELL concurring.