L. E. WELCH & Co., Appellee, v. J. F. SCHLAPPI, Appellant.

**REFORMATION OF INSTRUMENTS:** Grounds—Mutual Mistake —Evidence. Evidence reviewed, and held to show a mutual mistake in the name of the obligee in a contract of guaranty, and to justify the reformation prayed.

*Appeal from Woodbury District Court.*—W. G. SEARS, Judge.

MONDAY, FEBRUARY 19, 1917.

SUIT in equity to reform a contract of guarantee and to recover thereon. There was a judgment for the plaintiff, and the defendant appeals.—*Affirmed.*

*Carter, Brackney & Carter,* for appellant.

*Thos. P. Cleary & A. Van Wagenen,* for appellee.

EVANS, J.—The contract sued on is as follows:

REFORMATION OF INSTRUMENTS: grounds: mutual mistake: evidence.

"September 15, 1913. I hereby agree to stand responsible for any money due Mr. E. L Welsh on contract between E. L. Welsh and J. P. Arp. I do not want any lien filed against any of my houses. J. F. Schlappi."

The circumstances leading up to the contract were that Schlappi was a property owner who had entered into a contract with J. P. Arp for the erection of certain houses upon his property. L. E. Welch was a subcontractor under Arp who had performed his contract and was about to file

a mechanics' lien against the property. He served upon Schlappi a certain notice to that effect, whereupon Schlappi executed the agreement above set forth for the purpose of avoiding such proceeding. The reformation asked was to correct the name E. L. Welsh to L. E. Welch & Co. The ground upon which the reformation is asked is that the name E. L. Welsh was entered by mutual mistake of the parties. The principal controversy made here by the appellant is that the evidence was insufficient to warrant the reformation. It is said that the evidence is in conflict, and that the evidence of the defendant is as weighty as that of the plaintiff on that question. We find no conflict in the evidence on any material point. The evidence of the defendant himself would be quite sufficient to warrant the reformation. The written guarantee is in the handwriting of the defendant. The most that he contends for is that *he* made no mistake, in that he wrote the name precisely as it was given to him by plaintiff's attorney. He argues, therefore, that the mistake, if any, was not mutual. The written notice served upon Schlappi contained the following:

"To J. F. Schlappi: You are hereby notified that L. E. Welch, operating under the trade name of L. E. Welch & Co., claim a mechanic's lien," etc.

Upon receipt of this notice, the defendant came to the office of plaintiff's attorney, who had caused the notice to be served upon him, and asked that some arrangement be made to avoid the filing of the lien. His offer to guarantee the account was accepted by the attorney. He was told by the attorney to write out a guarantee, the attorney himself being too busy at that time to do so. Schlappi was acquainted with Welch, but appears to have known him as Ed Welsh. This may account naturally for the reversing of the initials. There was no other Welch connected with the transaction in any way. Defendant does not claim that his written guarantee made him liable to any other person. There is

no dispute of identity of the beneficiary of 'the contract. The insertion of the name E. L. Welsh was a *mistake*, without dispute. If the attorney suggested the name in that form, it was a mistake on his part. When Schlappi accepted it without correction and so wrote it, it was likewise a mistake on his part. It is trifling with argument to contend otherwise. By the decree entered, the defendant is held liable to the identical person to whom he supposed he was binding himself when he signed the agreement.

The decree was clearly right, and it is—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.