**ROLLOW et al. v. AETNA LIFE INS. CO.**

No. 26437.    Dec. 15, 1936.

Rehearing Denied July 13, 1937.

W. F. Schulte, for plaintiff in error.

Miley, Hoffman, Williams, France & Johnson, for defendant in error.

PER CURIAM. The parties will be referred to herein as they were in the trial court.

This case involves the liability of the defendants, W. C. Rollow, W. H. Rollow, V. E. Rollow, and R. C. Jeter, partners composing the Rollow Hardware Company, under an assumption clause contained in the deed by which they obtained title to the property sought to be foreclosed by the plaintiff herein.

The Aetna Life Insurance Company brought this action to foreclose a certain mortgage given by the defendants in said action, Dawes Dyer and Bonnie Dyer, asking for personal judgment against the defendants, W. C. Rollow, W. H. Rollow, V. E. Rollow, and R. C. Jeter, alleging that these last-named defendants assumed and agreed to pay the mortgage, and thereby became liable for the payment of such mortgage.

The defendants, W. C. Rollow, W. H. Rollow, V. E. Rollow, and R. C. Jeter, answered, denying liability and pleaded that the assumption clause in question was inserted in the deed by mistake.

Upon trial of the issues, the court found in favor of plaintiff and rendered judgment accordingly. The defendants, W. C. Rollow, W. H. Rollow, V. E. Rollow, and R. C. Jeter, appealed to this court from that part of the judgment holding them liable for a personal judgment.

The facts which we deem material to the issue here involved are as follows:

Dawes Dyer and Bonnie Dyer, his wife, executed and delivered their certain mortgage to the plaintiff herein. Thereafter, the defendants, W. C. Rollow, W. H. Rollow, V. E. Rollow, and R. C. Jeter, partners composing the Rollow Hardware Company, purchased the property from the mortgagors, who executed and delivered to said partnership their warranty deed, dated January 3, 1923, covering said property, for a named consideration of $171, warranting the title clear, "except two mortgages, one for $1,980 to Gum Brothers Loan Company and the Aetna Life Insurance Company, and one for $300 to J. W. Hayes, which second party assumes as part of the purchase price."

The grantee had the deed recorded, took possession of the property by tenants, paid interest on the mortgage, paid taxes, executed an oil and gas mining lease on the property, and in all respects exercised full and complete domain thereover, all of which was done prior to the time they discovered that they had assumed the mortgage, which discovery was made in 1930 or 1931.

In January, 1932, this suit was filed. After the institution of this suit the Dyers executed a correction deed to the Rollow Hardware Company, correcting the deed of January 3, 1932, and filed their verified answer admitting that the assumption clause in the original deed was inserted therein by mistake.

The court found that the defendants, W. C. Rollow, W. H. Rollow, V. E. Rollow, and R. C. Jeter, had assumed plaintiff's mortgage, and rendered personal judgment against them for the payment of the amount due on said mortgage. The appealing defendants assert that the judgment of the court is not sustained by the evidence. The only evidence in this case on which plaintiff relies to support the judgment is as follows:

(1) The assumption clause in the original deed from the Dyers to the Rollow Hardware Company;

(2) That the grantees recorded the deed;

(3) That the defendant Rollow Hardware Company enjoyed the benefits of the property and exercised dominion thereover, collected the rents, and executed an oil and gas mining lease thereon;

(4) That said defendants paid the interest on the said mortgage.

There is absolutely no testimony in the record that the assumption clause relied upon by plaintiff was not included in the deed by mistake. Both parties to the deed admit their mistake, the grantees testifying as to the mistake and the grantors in their verified pleadings admitting that the assumption clause was included in the deed by mistake. The grantors even attempted to correct the error by executing and delivering a correction deed setting forth the true contract.

Plaintiff cites a number of cases, among them, Shaffer v. Midland Hotel Co., 41 Okla. III,, 137 P. 664; Marquette Timber Co. v. Chas. T. Abeles & Co. (Ark.) 99 S. W. 685, and Zeilda Forsee Investment Co. v. Osenberger (Mo.) 112 S. W. 22, to the effect that the uncorroborated testimony of one party will not support the reformation of an instrument.

These cases are clearly not in point; all of these cases are actions between the parties to an instrument in which one party by his sole testimony seeks to have the contract reformed. In the present case both parties

to the contract admit the mistake in the original deed.

Plaintiff also contends that the assumption of plaintiff's mortgage cannot be rescinded by defendants after plaintiff has accepted defendants as its debtor. There is no evidence, however, that the correction deed was an attempt of the grantors and the grantee to rescind a contract made for the benefit of plaintiff, but, as heretofore stated, all of the evidence in the case is to the effect that a material mistake was made in the original deed, and that there never was a contract of assumption to be accepted by the plaintiff, or to be rescinded by the parties to the deed. There being no evidence in this case to support any finding except that the assumption clause relied upon by plaintiff was inserted in the deed by mistake, the court must hold that the case of Cushing v. Newbern, 75 Okla. 258, 183 P. 409, is controlling. In that case, this court held:

"In an action against the signers of a promissory note secured by real estate mortgage, and the purchaser of the property in whose deed of conveyance was inserted a clause binding the purchaser to assume and pay the mortgage debt, where the purchaser pleads and proves by competent evidence that said clause was inserted in the deed by the scrivener contrary to the contract of the parties, and that there was no consideration for the inserting of said clause in said deed, and that same was inserted without the knowledge or consent of the parties, said fact is a good defense to said action in so far as the personal judgment against the purchaser is concerned and the mortgagee cannot avail himself of said mistake."

The judgment is, therefore, reversed as far as said judgment renders a personal judgment against the defendants, W. C. Rollow, W. H. Rollow, V. E. Rollow, and R. C. Jeter, partners composing the Rollow Hardware Company, and the cause is remanded, with instructions to the lower court to render its judgment accordingly.

The Supreme Court acknowledges the aid of Attorneys Jas. E. Bush, Chas. R. Bostick, and Villard Martin in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Bush and approved by Mr. Bostick and Mr. Martin, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., and BUSBY, PHELPS, CORN, and GIBSON, JJ., concur.