## No. 14,669.

ELLIOTT *v.* DENVER JOINT STOCK LAND BANK OF DENVER.
(110 P. [2d] 979)

Decided February 3, 1941.   Rehearing denied March 3, 1941.

Messrs. BLOUNT, JANUARY & YEGGE, Messrs. SILVER-STEIN & SILVERSTEIN, for plaintiff in error.

Mr. J. DONOVAN STAPP, Mr. GLENN A. LAUGHLIN, for defendant in error.

*En Banc.*

MR. JUSTICE OTTO BOCK delivered the opinion of the court.

THIS controversy relates to the validity of an assumption clause contained in a deed of conveyance of real property, reading as follows: "One certain deed of trust dated June 25, 1926, to secure to the Denver Joint Stock Land Bank, the payment of a promissory note, in the sum of $8,000 bearing even date therewith, the balance on which note the party of the second part [plaintiff in error] hereby assumes and agrees to pay." The parties are here aligned in reverse order of their appearance in the district court, and herein reference will be made to them by name or as they there appeared. Defendant seeks reversal of a judgment of the district court entered against him on an alleged liability growing out of said assumption clause.

In 1924 the ranch property conveyed by the deed in question was owned by Hortense B. Elliott, mother of defendant. In that year she deeded the property to Nixon C. Elliott, another son, in trust for herself during her lifetime, and after her death for the benefit of Nixon Elliott and his sister, Josephine G. Gladney. This deed was not recorded. It was predicated upon a trust agreement, in which Nixon agreed to manage and administer the ranch under the terms and conditions therein stated. In June, 1926, Hortense B. Elliott executed her note in favor of plaintiff in the sum of $8,000, bearing interest at six per cent, payable on an amortization plan, semi-annually, to June, 1959, secured by a deed of trust on said ranch. At the time of the negotiation of this loan plaintiff sought to obtain the endorsement of defendant on the $8,000 note, which defendant refused. Hortense B. Elliott died in 1927. In June, 1931, Nixon Elliott conveyed the ranch in question to defendant by warranty deed, containing the assumption clause quoted above. The circumstances surrounding this conveyance are as follows: Nixon Elliott was a business man in Denver, traveled extensively in Texas, New York and Florida, and therefore found it difficult to manage the ranch from Denver. Defendant is a lawyer, located in Pueblo, Colorado, and the ranch is located about fifty-three miles from there, in Crowley county. At the suggestion of Nixon, defendant agreed to manage the ranch for him under the terms of the trust agreement. May 16, 1931, the president of plaintiff wrote to defendant: "I am glad to learn * * * that you are arranging to assist your brother in the management of that farm at Ordway." Thereafter, May 30, 1931, Nixon transferred the title to defendant by deed, which was recorded June 22, 1931. Defendant did not prepare the deed, nor had he ever seen it prior to the time it was recorded, after which it was mailed to him. He did not notice the assumption clause in question until some

time thereafter. No agreement whatever was at any time made between Nixon and defendant that the latter would assume and agree to pay the note or assume the indebtedness, payment of which was secured by the mortgage in question. No consideration was given to defendant by anyone, nor was any consideration received by Nixon. At the time of the conveyance there was no equity in the property over and above the mortgage indebtedness here involved. The income was approximately $300 and the taxes about $3,000. After the title was transferred to him, defendant kept a separate account book showing all moneys received and disbursed by him in managing the ranch, and accounted to Nixon and Josephine for the proceeds. In correspondence between plaintiff and defendant the latter sometimes referred to the ranch as "my farm," "my ranch," or "my property." He personally had advanced about $2,000 for the payment of taxes and water rent. Nixon was confident that an equity would be established in the property in the future and that Josephine and he would be the beneficiaries of such equity. August 26, 1936, the property was sold at foreclosure sale and bid in by plaintiff at $10,000, leaving a deficiency of $7,021.49, for the recovery of which this suit was brought against defendant.

After plaintiff rested its case defendant moved for a nonsuit on the ground that plaintiff had failed to prove any consideration for the assumption clause, which motion was denied. After both parties had rested defendant moved for a directed verdict upon the grounds, among others, that: "1. Plaintiff has failed to prove that the defendant entered into any agreement with Nixon C. Elliott whereby the defendant would assume the payment of the balance payable to plaintiff on the promissory note referred to in the complaint. 2. Plaintiff has failed to prove, or to introduce any evidence to prove, that defendant gave any consideration to Nixon C. Elliott, for the transfer of the property involved from

Nixon C. Elliott to defendant. 3. The evidence shows without contradiction that defendant did not assume or agree to pay the balance payable on said note as a consideration for the transfer of the property from Nixon C. Elliott to defendant, or otherwise." The trial court overruled this motion, on which ruling plaintiff assigns error.

■ "A grantee of premises, in assuming a mortgage thereon, renders himself liable for the discharge of the mortgage debt, not only to the mortgagor, but also directly to the mortgagee." 19 R.C.L., p. 375, §145. There are two theories upon which such liability is based: (1) Equitable subrogation; (2) the promise of one person to another for the benefit of a third person. Colorado many years ago adopted the latter theory. *Starbird v. Cranston,* 24 Colo. 20, 26, 48 Pac. 652; *Lloyd v. Lowe,* 63 Colo. 288, 292, 165 Pac. 609; *Hooper v. Capitol Life Insurance Co.,* 92 Colo. 376, 381, 20 P. (2d) 1011; 1 Wiltsie on Mortgage Foreclosure (4th ed.), §240; *Gill v. Robertson,* 18 Colo. App. 313, 316, 71 Pac. 634; 21 A.L.R. 454. The liability of grantee to the mortgagee on the assumption clause is based on the contract between grantor and grantee. To sustain such liability there must exist all contractual essentials, such as a meeting of minds culminating in agreement, and a valid consideration. *Stuyvesant v. Western Mortgage Co.,* 22 Colo. 28, 33, 43 Pac. 144; *Hooper v. Capitol Life Ins. Co., supra; Crane v. Leclere,* 206 Ia. 1270, 221 N.W. 925; *Peilecke v. Cartwright,* 213 Ia. 144, 238 N.W. 621; *Snyder v. Sargeant,* 179 Ia. 475, 196 N.W. 22; *Duvall-Percival Trust Co. v. Corzine* (Mo. App.), 295 S.W. 851; *Rollow v. Aetna Life Ins. Co.,* 180 Okla. 439, 70 P. (2d) 71. In the instant case, according to the uncontradicted evidence, there was no sale, no agreement and no consideration.

■ Counsel for plaintiff, to sustain the judgment, argue, and rely principally upon, the proposition that evidence as to mistake, fraud and inadvertence with re-

gard to the insertion of an assumption clause in a deed is inadmissible unless a defense upon that ground is specially pleaded. This question was first raised by plaintiff's counsel after the opening statement for defendant, by a motion for a directed verdict, which was denied. No cross errors are here assigned. One answer to this contention is that defendant did not rely on mistake, fraud or inadvertence as a defense. Counsel for defendant, on the issue of no agreement and no consideration for the assumption clause, rely on the issue which plaintiff tendered in the complaint, the pertinent parts of which read as follows: "That by said deed [from Nixon Elliott to defendant] and as a consideration for the conveyance, the defendant, James G. Elliott, assumed and agreed to pay the indebtedness due the plaintiff herein under and by virtue of the note and deed of trust set forth in Paragraphs II and III hereof, and that the plaintiff is informed and believes, and upon such information and belief alleges that from the amount agreed to be paid for said premises by James G. Elliott there was deducted the amount due under and by virtue of the note and deed of trust set forth in Paragraphs II and III hereof." Defendant denied each of these allegations. The issue made thereby required plaintiff to affirmatively prove these allegations. It is true that when a complaint is based upon an instrument under seal or which imports a consideration, proof of want of consideration may not be given under a general denial. Where, however, as in the instant case, the complaint specifically alleges a consideration and that the amount assumed was a part of the purchase price, a denial thereof, contained in the answer, is equivalent to an affirmative plea. *Royal Bank of Canada v. Williams,* 222 N.Y.S. 425, 428, 220 App. Div. 603; *Snyder v. Sargeant, supra;* 17 C.J.S., p. 1191, §555(b). There is no merit in the contention of plaintiff that the specific allegations in the complaint should be treated as sur-

plussage. In thus construing these pleadings, we believe we are doing substantial justice.

To sustain its contention concerning the effect of an assumption clause, plaintiff urges that there is a legal presumption arising from a deed containing such a clause, that the amount assumed and agreed to be paid was a part of the purchase price, that delivery of the deed established this presumption, and it cites in support of its contention, *Cobb v. Fishel*, 15 Colo. App. 384, 62 Pac. 625; *Hastings v. Pringle*, 37 Colo. 86, 86 Pac. 93. As already indicated, under the state of the pleadings before us, this principle has no application here. Plaintiff, in its complaint, did more than merely allege the assumption clause. It therein affirmatively and specifically alleged consideration and that from the amount agreed, between Nixon and defendant, to be paid by defendant, there was deducted the amount due to plaintiff by virtue of the note and deed of trust sued upon. Nothing we here say disturbs the existence of this legal presumption, but under the state of the pleadings its nonapplicability is apparent.

We think the issues in this case are controlled by the law announced in *Lloyd v. Lowe, supra.* This was an action wherein the circumstances were somewhat similar to those in the case at bar, a promissory note, secured by a deed of trust, being involved. The makers of the note conveyed the land to the defendant by deed containing a similar assumption clause. "The undisputed evidence was that defendant never assumed nor agreed to pay the trust deed, or the note secured thereby, * * *." That, also, is true in the instant case. The fact that defendant in the Lloyd case took charge of the property, paid the taxes on it, exercised ownership over it, offered it for sale, and sold it, did not estop him from denying knowledge of the assumption clause, or that he agreed to assume the debt.

Counsel for plaintiff, in their brief, say: "Defendant's fifth proposition that the grantee is not liable unless he

purchased the property and assumed the indebtedness as part of the consideration is a fairly accurate statement, and it is obvious that the jury here found that this defendant did that very thing." The evidence being undisputed that defendant did not "purchase the property and assume the indebtedness as a part of the consideration," no jury issue remained, and the court should have granted defendant's motion for a directed verdict.

In the Lloyd case we said, page 293: "In the case at bar it is clearly established by the evidence that there was no contract to pay the trust deed, or the note secured thereby, made by and between the defendant and his grantors. There being no contract to that effect, there was no contract under which the plaintiffs, as mortgagees, could be beneficiaries, and no contract upon which they could sue. The defendant did nothing to mislead the plaintiffs, and his defense, that the assumption clause was inserted in the deed without his knowledge or consent, was contrary to his agreement with his grantors, and therefore good under the doctrine of the case of *Johnson v. Maier, supra.*" There is no claim in the instant case that plaintiff was misled by this clause. In the Lloyd case we also specially approved and adopted the rule announced in *Johnson v. Maier,* 194 Mo. App. 169, 187 S.W. 143, quoting from the syllabus of the case in the Southwestern Reporter, as follows: "Where plaintiffs, who held a note secured by a deed of trust on land which was afterwards conveyed to defendant, were not misled because the deed contained a fraudulent covenant obligating defendant to pay off the deed of trust, such covenant is not, being without consideration, binding on defendant, though he retained the deed after learning of its fraudulent insertion and subsequently conveyed the land." The Johnson case also is authority for the proposition that want of consideration defeats liability under an assumption clause.

In *Hooper v. Capitol Life Insurance Co., supra,* we discussed at length the case of *Lloyd v. Lowe, supra,* and approved the same.

To sustain the judgment in this case we would, in effect, approve the action of the jury in making a different contract than the one entered into between Nixon and defendant, as disclosed by the record. *Crebbin v. Shinn,* 19 Colo. App. 302, 74 Pac. 795. Nixon and defendant never entered into any agreement for an exchange, sale or purchase of any property, nor was there any consideration for any agreement, except as to the management of the property for Nixon and his sister.

The judgment is reversed and the case remanded with instructions to dismiss the complaint.

MR. JUSTICE YOUNG, MR. JUSTICE BAKKE and MR. JUSTICE KNOUS dissent.