**Faith MONTOYA, Plaintiff-Appellee,**

v.

**CHERRY CREEK DODGE, INC., a Colorado corporation, Defendant-Appellant.**

No. 84CA1090.

Colorado Court of Appeals, Div. I.

Sept. 19, 1985.

Law Offices of Worstell & Wyatt, Neal Dunning, Denver, for plaintiff-appellee.

Keene & Munsinger, Stephen M. Munsinger, Philip M. Smith, Denver, for defendant-appellant.

KELLY, Judge.

Cherry Creek Dodge, Inc., brings this appeal from a money judgment entered against it. We affirm.

On January 23, 1984, Faith Montoya agreed to purchase a used 1980 Chevrolet from Cherry Creek Dodge, Inc. (Dodge), for approximately $5065, less $745 trade-in credit given for Montoya's car. The balance of the purchase price, $4320, was to be paid Dodge in a lump sum on January 26, 1984. Financing, if required, was to be obtained by Montoya, and the agreement further provided that if full payment were not made on January 26, Dodge had the right to charge a $50 carrying fee. Montoya left Dodge with the 1980 Chevrolet, giving the dealership possession of her trade-in vehicle.

Montoya then contacted a bank to arrange a loan for the purchase of the car. The bank declined the loan since it was of the opinion the car was only worth $2795, and thus the loan would be without adequate collateral.

On January 25, Montoya returned the 1980 Chevrolet to Dodge and explained she was unable to obtain financing for its purchase. Montoya requested the return of her old car and offered Dodge the $50 fee. Dodge refused to return Montoya's vehicle and refused the $50, but took possession of the 1980 Chevrolet. Dodge thereafter offered to return Montoya's car to her for $150, which she refused. Dodge subsequently sold Montoya's car for its scrap value of $100 and sold the 1980 Chevrolet to a new buyer for $4395.

Montoya brought this action against Dodge alleging its actions constituted outrageous conduct and requested $4000 actual and $1000 exemplary damages. Dodge answered and asserted a counterclaim seeking damages for breach of the sales contract. Following trial to the court, Montoya was awarded $200 which the court found to be the actual worth of her old car and $500 attributable to Dodge's outrageous conduct. The court dismissed the counterclaim.

On appeal, Dodge first argues the trial court erred in construing the meaning of the language "if balance is not paid by due date Cherry Creek Dodge has the right to assess $50 carrying fee" as ambiguous and that, therefore, the court erred in permitting Montoya to testify regarding her interpretation of its meaning, namely, that payment of $50 would relieve her of her obligation and Dodge would return her car.

■ Parol evidence is inadmissible to vary or contradict the terms of an unambiguous agreement, but where uncertainty exists such evidence may be received to explain the contract. *Hott v. Tillotson-Lewis Construction Co.*, 682 P.2d 1220 (Colo.App.1983). Determination of the existence of an ambiguity is a matter of law and requires examination of the language in harmony with the generally accepted meaning of the words employed. *Hott v. Tillotson-Lewis Construction Co., supra.*

■ We agree with the trial court's conclusion that the disputed language in this contract was ambiguous. Therefore, it was not error to admit Montoya's testimony.

■ Dodge next urges that the court's dismissal of its counterclaim for breach of the sales agreement was error. We disagree.

The evidence is clear that Dodge, in response to Montoya's tender of the $50 fee, offered to accept $150 for return of her car

and accepted return of the 1980 Chevrolet. Such actions are positive, unequivocal indications of Dodge's intent to be no longer bound by the sales agreement, and are wholly inconsistent with the continued existence of the agreement as alleged in the counterclaim. Therefore, the sales agreement was abandoned by the clear conduct of the parties. *See H.T.C. Corp. v. Olds,* 486 P.2d 463 (Colo.App.1971) (not selected for official publication).

■ Dodge finally contends that the court erred in finding it had engaged in outrageous conduct. We find no error.

The record is clear that Dodge abandoned its sales agreement, accepted the return of the Chevrolet and sold it, retained possession of Montoya's car and sold it when she did not pay $150, and that these actions were done with the knowledge that Montoya had no other transportation available. Viewing this conduct as a whole, we reject Dodge's assertion that it was insisting on its legal rights within permissible limits and agree with the trial court that Dodge abused its actual position of power over Montoya in an attempt to bully her into paying for the return of her vehicle. *Gorab v. Equity General Agents, Inc.,* 661 P.2d 1196 (Colo.App.1983); *Zalnis v. Thoroughbred Datsun Car Co.,* 645 P.2d 292 (Colo.App.1982).

Judgment affirmed.

PIERCE and BABCOCK, JJ., concur.