PIONEER SAVINGS & TRUST, F.A., Plaintiff–Appellee,

v.

Meir BEN–SHOSHAN, Ariela Ben–Shoshan and Colorado Territory, Inc., a California corporation, Defendants–Appellants.

No. 90CA1960.

Colorado Court of Appeals, Div. I.

Jan. 16, 1992.

Robinson, Waters, O'Dorisio & Rapson, P.C., Todd J. McNamara, Denver, for plaintiff-appellee.

Holme Roberts & Owen, Joseph A. Garcia, Walter H. Sargent, Colorado Springs, for defendants-appellants.

Opinion by Chief Judge STERNBERG.

The defendants, Meir and Ariela Ben–Shoshan (purchasers) and Colorado Territory, Inc., appeal the summary judgment entered in favor of plaintiff, Pioneer Savings & Trust, F.A., finding the defendants liable for the deficiencies on four promissory notes. They also appeal the court's award of attorney fees to Pioneer. We reverse and remand for a trial on the question of whether, when the purchasers accepted a warranty deed containing an assumption clause, they assumed the debt on the notes held by Pioneer. In addition, we reverse the award of attorney fees.

On December 24, 1985, the purchasers bought from Martin List (seller) four lots, encumbered by recorded deeds of trust securing promissory notes given by List to Mountain View Mortgage Company (Mountain View) a month earlier. The warranty deed conveying the property to the purchasers provided that they took "subject to" the deeds of trust "which indebtedness the grantees herein assumes and agrees to pay."

Mountain View had assigned its rights in the seller's notes and the deeds of trust to Pioneer in November 1985. On December 26, the purchasers executed a deed of trust on the property to secure the remaining amount they owed to seller. On December 27, in a separate agreement with the purchasers, the seller made certain promises to

service the debt on the notes and to pay other expenses for a period of two years to the extent these expenses were not covered by rents from the property.

The purchasers conveyed the property by a quitclaim deed, containing no assumption language, to their family trust in April 1986. Then, in May 1988, acting as co-trustees, they again conveyed the property by warranty deed from the trust to Colorado Territory, Inc., a closely-held California corporation which they controlled. This deed contained assumption language identical to the 1985 deed under which the property was originally conveyed to the purchasers by the seller. All the deeds were recorded.

List filed for bankruptcy protection in 1987. Following a default on the notes and a foreclosure sale, Pioneer sued the purchasers to collect the deficiency. In April 1990, Pioneer filed a motion for summary judgment.

As part of his response to this motion, Meir Ben–Shoshan submitted an affidavit that was neither signed nor notarized. In it the affiant stated that when he purchased the property, he did not intend to become personally liable on the notes. He included a copy of the separate agreement with the seller.

The court entered summary judgment on Pioneer's motion on June 18, 1990, and a fully executed copy of the affidavit was submitted ten days thereafter.

Because Pioneer's counsel did not inform the purchasers of the order granting summary judgment, as he was required to do pursuant to the district court's procedural rules, more than eighty days passed before the purchasers became aware of the order, by which time the period to file post-trial motions and notice of appeal had run. They sought relief pursuant to C.R.C.P. 60, and, in response, the court vacated its original order and re-entered it on October 1, 1990.

The purchasers argue that the court erred in concluding, as a matter of law, that they or Colorado Territory, Inc., assumed the seller's debt. Alternatively, they contend that if, as a matter of law,

there was an assumption, then the seller's failure to perform his obligations under the agreement constitutes a defense to Pioneer's claim based on third-party beneficiary principles. Finally, they claim the district court erred in awarding attorney fees to Pioneer because no contractual or statutory basis for such an award was alleged by Pioneer or found by the court.

### I.

Summary judgment is proper when the record establishes that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Persichini v. Brad Ragan, Inc.*, 735 P.2d 168 (Colo.1987).

Here, there is no factual dispute concerning the language of assumption in the warranty deed under which the purchasers took title to the property. However, they argue that this language does not create personal liability because their separate agreement with the seller is evidence of their intent not to be bound by the deed's assumption clause. Although the purchasers argue that they are not liable as a matter of law, the issue we must decide is whether, on the basis of the record before it, the trial court properly concluded there was no disputed factual issue concerning the purchasers' assumption of the seller's debt.

In its order the court granted summary judgment to Pioneer "for all of the reasons set forth in Pioneer's motion and reply." Pioneer had argued that the separate agreement between the seller and the purchasers should not be admissible to vary the terms of the assumption clause in the deed of conveyance. It also had claimed that Meir Ben–Shoshan's affidavit was improperly before the court and that the terms of the separate agreement did not evidence the purchasers' intent not to assume the seller's debt.

### A.

■ We must begin by determining whether the separate agreement between the seller and the purchasers is admissible,

under the parol evidence rule, to show their lack of intent to assume the seller's debt. We conclude that it is admissible evidence.

There is a legal presumption that when a deed containing an assumption clause is delivered and accepted, the amount assumed and agreed to be paid is part of the agreed upon purchase price. *Cobb v. Fishel*, 15 Colo.App. 384, 62 P. 625 (1900). Accordingly, the liability of the grantee to the grantor on the assumed debt is based on contract, even when there is no written agreement of assumption between the parties outside the deed of conveyance. *Starbird v. Cranston*, 24 Colo. 20, 48 P. 652 (1897).

"The liability of the grantee to the mortgagee on the assumption clause is [also] based on the contract between the grantor and grantee." *Elliott v. Denver Joint Stock Land Bank of Denver*, 107 Colo. 231, 110 P.2d 979 (1941). This liability arises from the principle that "when one person makes a promise for the benefit of a third person, the latter may maintain an action upon it." *Lloyd v. Lowe*, 63 Colo. 288, 165 P. 609 (1917). "To sustain such liability there must exist all contractual essentials, such as a meeting of minds culminating in agreement, and a valid consideration." *Elliott v. Denver Joint Stock Land Bank of Denver, supra.*

Although the general rule is that parol evidence is inadmissible to vary or contradict the terms of an unambiguous agreement, *Montoya v. Cherry Creek Dodge, Inc.*, 708 P.2d 491 (Colo.App.1985), there appears to be a conflict in Colorado case law as to whether a grantee may offer parol evidence to show his lack of intent to assume the mortgagor's debt.

On the one hand, in *Starbird, supra*, the court held that, absent a claim of fraud or mistake, a grantee may not present extrinsic evidence to show his lack of intent to assume the grantor-mortgagor's debt when he is sued on that debt by the mortgagee. There, the defendant sought to introduce evidence of a separate written agreement with the grantor to show that he did not agree to assume the payment of the notes as a part of the purchase price. He also

attempted to testify in court that he had not consented to assume payment of the notes and that the assumption clause was inserted in the deed without his authority or consent.

The supreme court held that this evidence was properly excluded, citing with approval the following language in *Muhlig v. Fiske*, 131 Mass. 110 (1881):

The defendant, having … accepted the deed of conveyance, and thereby obtained the estate which he afterwards conveyed to a third person, and so made himself liable to the burden which, by the terms of the deed, he had assumed, could not (no fraud in the execution or delivery of the deed being suggested) impair the legal effect of his own act by oral evidence that he had never agreed to assume and pay the mortgage, nor authorized nor knew of the insertion of such an agreement in the deed.

However, in *Neves v. Potter*, 769 P.2d 1047 (Colo.1989), a case dealing with the question of the effect of a release on parties not named therein, the court held that although "it is generally correct that an unambiguous document must be interpreted based only upon the information contained within its four corners…. [p]arol evidence can be used to vary or contradict the document when the litigation is between a party to the contract and a stranger thereto."

Courts in other jurisdictions have admitted parol evidence in cases in which a grantee seeks to avoid liability to a mortgagee under an assumption clause by using extrinsic evidence to show he did not intend to assume the grantor's debt.

In *Nebraska Wesleyan University v. Smith*, 113 Neb. 208, 202 N.W. 625 (1925), the plaintiff-mortgagee objected to the introduction by the defendant-grantee of a separate contract between the grantee and the grantor-mortgagor to prove that, despite the assumption language in the deed of conveyance, he did not intend to assume and pay the grantor's mortgage. The court noted that there was no privity of contract between the mortgagee and the

grantee and that the "rule excluding parol proof where there is a written contract or agreement does not apply where a stranger to the contract is seeking some advantage by reason of its terms." *See also Shult v. Doyle,* 200 Iowa 1, 201 N.W. 787 (1925).

Although no Colorado cases have addressed this exception to the parol evidence rule in the context of an assumption in a deed by a grantee, the rationale upon which the exception is based applies to such a case. As the court noted in *Neves v. Potter, supra:* "This exception to the parol evidence rule accurately reflects Colorado's unsympathetic position toward parties who seek to take gratuitous advantage of an agreement when they are not parties to the agreement."

The purchasers do not claim that the assumption clause was inserted without their knowledge or that they were unaware of its existence when they accepted the deed from the seller. Rather, they claim that the separate contract, in which the seller agreed to service the debt to Pioneer to the extent rents from the property were insufficient, is evidence of their intent not to be bound by the deed's assumption clause.

Pioneer, who was not a party to the assumption agreement between the purchasers and the seller, argues that no evidence of intent outside the deed itself should be admitted in determining whether the purchasers are liable for the deficiency on the seller's notes.

We hold that evidence of the separate agreement between the seller and the purchasers was properly admissible under the exception to the parol evidence rule recognized by the supreme court in *Neves v. Potter, supra.*

### B.

■ Having determined that the separate agreement between the seller and the purchasers was admissible, we next consider whether that agreement created a question of fact precluding the granting of summary judgment. We conclude that a factual issue does exist here.

■ At the outset, we reject Pioneer's contention that because the affidavit Meir Ben–Shoshan submitted in response to Pioneer's motion for summary judgment was improperly executed, it was insufficient to overcome the motion.

C.R.C.P. 56(e) provides for the submission of affidavits in response to a motion for summary judgment and requires that sworn or certified copies of all papers referred to therein be attached. It further provides that when a motion for summary judgment is made, "an adverse party may not rest upon the mere allegations or denials of his pleadings."

We agree with Pioneer that if the purchasers had not submitted the affidavit, there would have been no disputed issue of fact to preclude an order for summary judgment in favor of Pioneer. However, we decline to affirm the judgment merely because the document as originally submitted was not signed or notarized.

Ben–Shoshan filed an identical, fully executed affidavit on June 28, 1990. Although this was after the court's initial order in favor of Pioneer, that order was subsequently vacated because of Pioneer's failure to comply with the requirement to inform the purchasers of the summary judgment. Thus, when the court reentered its order on October 1, 1990, the record contained a fully executed affidavit. We hold that this affidavit was properly before the court.

Summary judgment is a drastic remedy to be granted only if there is a complete absence of any genuine fact, and a litigant should not be denied a trial if there is the slightest doubt as to the facts. *Seal v. Hart,* 755 P.2d 462 (Colo.App.1988).

In *Bledsoe v. Hill,* 747 P.2d 10 (Colo.App. 1987), a grantor simultaneously executed a quitclaim deed and a warranty deed, both affecting mineral rights, to different parties. We reversed the trial court's order for summary judgment, holding that parol evidence as to the parties' intent was admissible and that the issue of intent was a question of fact precluding summary judgment.

A similar result is required here. Meir Ben–Shoshan raised the issue of his intent to assume the seller's debt on the promissory notes in his affidavit, and he attached the separate agreement between himself and the seller as evidence of his intent. These documents are sufficient to create an issue of fact precluding summary judgment. Consequently, disposition by summary judgment cannot stand, and the matter must be remanded for a trial on the issue of whether the separate agreement between the seller and the purchasers evidenced the latter's intent not to be bound by the warranty deed's assumption clause.

### C.

■ An issue not raised in the trial court may not be raised for the first time on appeal. *Matthews v. Tri–County Water Conservancy Dist.*, 200 Colo. 202, 613 P.2d 889 (1980). Thus, because the purchasers did not raise the issue of whether Colorado Territory, Inc., expressly assumed and agreed to pay the seller's debt in their response to Pioneer's motion for summary judgment, we do not consider it here.

### II.

Because of our disposition above, we need not address the purchasers' alternative argument concerning whether the seller's failure to perform his obligations under the separate agreement constitutes a defense to Pioneer's claim based on third-party beneficiary principles.

■ However, we agree with the purchasers' contention that the district court erred in awarding Pioneer $6,659.50 in attorney fees when no contractual or statutory basis for such an award was alleged by Pioneer or found by the court.

Pursuant to § 13–17–102, C.R.S. (1987 Repl.Vol. 6A):

The court shall assess attorney fees if, upon the motion of any party or the court itself, it *finds* that an attorney or party brought or defended an action or any part thereof, that lacked substantial justification or that the action ... was interposed for delay or harassment or if it *finds* that an attorney or party unnecessarily expanded the proceeding by other improper conduct ... (emphasis added).

In the motion for summary judgment, Pioneer did not state any basis for an attorney fees claim, and the court made no findings of fact or conclusions of law to support its award of fees. Because there is no statutory or contractual basis for an award of attorney fees, the award cannot stand. *See Shaw v. Baesemann*, 773 P.2d 609 (Colo.App.1988).

The purchasers allege that Pioneer's counsel misled the trial court through statements in his briefs by suggesting that an award of attorney fees was based on terms in the seller's promissory notes. They urge this court to remand for a consideration of whether sanctions against him are warranted pursuant to § 13–17–102, C.R.S. (1987 Repl.Vol. 6A).

Although Pioneer claimed in its brief that the purchasers were liable for attorney fees, the billing statement submitted with this brief notes a charge for "consideration of attorney's fees claim *even though not provided in the note.*" (emphasis added). The existence of this statement in the record contradicts the purchasers' assertion that Pioneer attempted to mislead the court as to a contractual basis for their attorney fees claim. Hence, the record does not support a remand for consideration of sanctions.

The judgment is reversed, and the cause is remanded for further proceedings consistent with this opinion.

PIERCE and DAVIDSON, JJ., concur.